**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRIAN M. CASEY,
D.O.C. # 139647,**

    **Plaintiff,**

vs.                                                  Case No.  4:24cv341-MW-MAF

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Pro se prisoner Brian Casey has initiated this civil rights case on August 26, 2024.  ECF Nos. 1, 2.  Not coincidentally, this case was filed less than two weeks after Plaintiff was denied leave to file supplemental and amended complaints in case number 4:24cv188-MW-MAF because those proposed pleadings would greatly expand the case and would violate Federal Rule of Civil Procedure 20.   ECF Nos. 25 and 34.

Plaintiff is admittedly a prisoner who has accumulated "three strikes." ECF No. 1 at 9.  Despite acknowledging some of those dismissals, Plaintiff does not clearly assert that he faces "imminent danger" such that he should

be granted in forma pauperis status. Because of the number of Plaintiff's prior cases which have been dismissed pursuant to 28 U.S.C. § 1915(g) and Plaintiff's failure to alege sufficient allegations of imminent danger, Plaintiff is will aware of that requirement. *See, e.g.,* case # 4:19cv490-MW-CAS, case # 4:21cv463-WS-MAF, case # 4:21cv495-WS-MJF, case # 4:21cv496-MW-MAF, and case # 4:22cv121-WS-MJF.

  Nevertheless, Plaintiff's complaint has been reviewed to determine if Plaintiff has sufficiently alleged imminent danger and this case could proceed. For most of Plaintiff's allegations, he fails to provide facts which demonstrate imminent danger because he complains of medical issues which span ten years or more. For example, Plaintiff makes vague allegations that since 2014, he "has requested medical treatment" but is "not examined for all his complaints at sick call appointments or physicals." ECF No. 1 at 5. He alleges that he "has been told health care requires a court order." *Id.* He contends he was "diagnosed with degenerative bone disease in 2014," but was not given treatment until 2019. *Id.* at 6. He claims he has an unexamined or monitored condition "resulting in twisting of the spine and loss of a rotator joint in the right shoulder." *Id.* Plaintiff's condition may be painful, but it does not show imminent danger.

Case No. 4:24cv341-MW-MAF

Further, Plaintiff claims that when he was recently examined on August 15, 2024, the nurse would not "provide bone specialist care." *Id.* Any claim for the denial of medical care based on a nurse's failure to send Plaintiff to a specialist for treatment is insufficient, first, because a prisoner is not entitled to be examined by a specialist and, second, because a prisoner cannot obtain the medical care of his choice.

Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). For example, medical malpractice does not constitute deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). "A 'complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" Estelle, 429 U.S. at 106, 97 S.Ct. at 292. For example, the prisoner in Estelle received

treatment for his back injury, but he complained that more should have been done in the way of diagnosis. The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293. Put simply, an "official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." McElligott, 182 F.3d at 1255 (citations omitted). Plaintiff's complaint does not allege deliberate indifference concerning the treatment of his right shoulder because he acknowledges that he was examined, the nurse ordered x-rays, and she "prescribed 12 days" of prednisone. ECF No. 1 at 6. Moreover, a degenerative condition which has spanned for at least 10 years, without more, is not imminent danger.

In addition, Plaintiff alleges that he "has skin cancer on the left check that is a deep tissue tumor that has not been examined or monitored since 2019." ECF No. 1 at 15. However, Plaintiff admits that he has "not reported" his complaints and symptoms. Id. Furthermore, Plaintiff primarily

argues that his "skin cancer is exacerbated by eczema" and that the "eczema is untreated or monitored causing open sores that bleed," and dry skin that is painful. ECF No. 1 at 15. Plaintiff's complaint of untreated eczema does not demonstrate imminent danger.

Plaintiff contends he has peripheral vein disease that "was diagnosed and treated briefly in 2014." ECF No. 1 at 15. Judicial notice is taken that Plaintiff previously initiated a case in this Court, case number 4:22cv270-AW-MAF, alleging that he was diagnosed with deep vein thrombosis (DVT) and had peripheral artery disease, but was not provided treatment. An evidentiary hearing was held in that case on June 6, 2023, and the evidence was clear that Plaintiff never received such a diagnosis. *See* ECF No. 125 of that case. It was apparent after the hearing that Plaintiff was presenting "false and fanciful claims about the denial of medical care for an imaginary condition, diagnosed solely by Plaintiff and without evidentiary support." *See* ECF No. 125 at 24. His in forma pauperis status was ultimately revoked and the case dismissed. ECF No. 136 of that case. In light thereof, Plaintiff's claim is duplicative and should be dismissed as "malicious" under 28 U.S.C. § 1915A(b)(1). Daker v. Ward, 999 F.3d 1300, 1310 (11th Cir. 2021) (holding that in light of the prisoner's "history as a

prolific serial filer, the district court did not abuse its discretion by dismissing [the prisoner's] third complaint without prejudice as 'malicious' under § 1915A(b)(1)." Notably, Daker established that "general assertions" of imminent danger and speculations are insufficient; a 3-strike prisoner must provide "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" to proceed with in forma pauperis status. Daker, 999 F.3d at 1311 (citation omitted). Plaintiff has provided only vague and speculative allegations of vein disease which have previously been rejected by this Court. This claim is insufficient.

Plaintiff also provided a vague claim of Post-Traumatic Stress Syndrome, but he did not provide allegations to show that this condition presents imminent danger. Further, he has not shown that he requested medical care for that issue which has been denied. The claim is insufficient.

There is one claim within the complaint that potentially raises an imminent danger issue. Plaintiff contends that he "experienced a heart attack on August 14, 204," but said that on the "following day he could not receive medical examinations or treatment." ECF No. 1 at 16. He

complains of feeling "tightening in his chest and a sensation in his left arms as a heart attack." *Id.*

First, Plaintiff's allegations suggest that he self-diagnosed himself with a heart attack. Even so, when a prisoner believes he is having symptoms of a heart attack, he should be provided emergency care. However, Plaintiff's complaint does not allege that he sought medical care and treatment *during* the incident, but on the day after. That is suspect. Moreover, Plaintiff stated that he felt heart attack symptoms on August 14, 2024, ECF No. 1 at 16, but elsewhere in the complaint he alleged having a medical examination by a nurse on August 15, 2024. ECF No. 1 at 6. In light thereof, the complaint does not sufficiently allege the denial of medical care for a heart attack because he was seen by a nurse.

Second, a primary deficiency with this case is that the only recent events alleged in Plaintiff's attempt to show imminent danger occurred on August 15, 2024. ECF No. 1. However, those claims are barred by 42 U.S.C. § 1997e(a). That statute provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a). Plaintiff is housed in a Florida prison facility, and the Department of Corrections has a three-step grievance procedure for prisoners to exhaust before filing a federal lawsuit. Plaintiff could not have exhausted all three administrative steps on a claim that arose on August 15, 2024, by the time he initiated this case in this Court on August 26, 2024. It is not possible.

The Supreme Court held in Jones v. Bock that exhaustion is not a pleading rule that falls upon a prisoner to demonstrate in the complaint; rather, it is an affirmative defense. 549 U.S. at 211-212, 127 S.Ct. at 919. Courts generally should not depart from the usual practice of treating exhaustion as an affirmative defense. Jones, *Id.* at 212, 127 S.Ct. at 919. Yet when it appears on the face of a complaint that the case fails to state a claim, it may be dismissed pursuant to § 1915(e)(2)(B). *Id.*; *see also* Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug. 24, 2007); Sanks v. Willams, No. CV407-070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. 3:03cv488, 2007

WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted"). Here, Plaintiff's complaint makes clear that it would not be possible for Plaintiff to exhaust his available administrative remedies in the 10 days prior to case initiation.

Accordingly, Plaintiff's case cannot go forward based on § 1997e. In addition, Plaintiff has not sufficiently alleged specific facts which show imminent danger; instead his claims are conclusory and vague. Thus, Plaintiff's motion for in forma pauperis status should be denied and this case summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). As a "three striker," Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed with in forma pauperis status, ECF No. 2, be **DENIED** because Plaintiff has not alleged sufficient facts to show imminent danger, his claims are barred pursuant to 42 U.S.C. § 1997e(a) and are "malicious" because they have been previously dismissed. It is further **RECOMMENDED** that this case be **DISMISSED** and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or**

Case No. 4:24cv341-MW-MAF

**recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**